TRENT v. PONTIAC TRANSPORTATION CO., INC.

1. CARRIERS—HIGH DEGREE OF CARE—PASSENGERS—INSPECTION.

It is the duty of carriers of passengers for hire to exercise a high degree of care and exercise such diligence as would ordinarily be used by a common carrier in the inspection of its equipment for defects.

2. SAME—PASSENGERS—BURDEN OF PROOF OF NEGLIGENCE.

Although the mere happening of an accident is not of itself evidence of negligence, the passenger of a carrier for hire does not have burden of demonstrating exact breach of duty committed by carrier resulting in injury to the passenger since such facts are often times solely within the knowledge of the carrier.

3. NEGLIGENCE—INFERENCES.

Negligence may be inferred from the surrounding facts and circumstances where they are such as to remove the case from surmise and conjecture and place it within the field of legitimate inferences deduced from the established facts.

4. CARRIERS—PASSENGERS—SMOKE IN BUS—NEGLIGENCE—DIRECTED VERDICT.

In action by passengers of carrier for hire, injured when rear wheel of bus in which they were riding came off, evidence showing that at the time wheel came off and immediately prior thereto there was a large amount of smoke in the bus originating from the rear of the vehicle together with an unusual, increasingly noticeable odor *held,* sufficient to establish *prima facie* cases that carrier had not made proper inspection, hence direction of verdicts for defendant was error.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 9, 1937. (Docket No. 47, Calendar No. 39,419.) Decided October 21, 1937.

Separate actions of case of Imogene Trent, by Roxie Trent, her next friend, and Roxie Trent against Pontiac Transportation Company, Inc., a Michigan corporation, for personal injuries sustained while passengers for hire on defendant's bus. Cases consolidated for trial and appeal. Directed verdicts and judgments for defendant. Plaintiffs appeal. Reversed with new trial.

*Albert Summer* and *Elmer H. Groefsema,* for plaintiffs.

*Edward N. Barnard,* for defendant.

CHANDLER, J. Both of these cases were tried together by agreement of counsel. They are actions by a mother and minor daughter for personal injuries alleged to have been sustained while they were passengers for hire on the motor bus of the defendant on the 29th day of October, 1935. While being transported along the streets of Pontiac, one of the rear wheels of the bus came off and both plaintiffs received injuries for which these actions were instituted.

The same questions of law are involved in both cases. The defendant by its answer gave notice of affirmative defense as follows:

"Take notice that at the time of the trial of this cause, defendant will introduce in evidence and insist in its defense that the axle in the bus owned and operated by the defendant herein was at the time of the occurrence of the grievance herein complained of in excellent mechanical condition, had been regularly and properly inspected and that the wheel falling from off said bus was caused by a latent defect in the axle shaft of the said bus, the said bus was manufactured by the Chevrolet Motor Car Company."

At the conclusion of the plaintiffs' cases, the trial judge directed a verdict for the defendant on the ground that the mere happening of the accident, a wheel coming off the bus, was not in itself evidence of negligence, and that there were no circumstances in connection with it whereby any legitimate inferences of negligence could be drawn.

In this the court was in error. The defendant, being engaged in the transportation of passengers for hire, owed to plaintiffs the exercise of a high degree of care, *DeJager* v. *Andringa*, 214 Mich. 474, and should be held responsible for a lack of exercise of such diligence as would ordinarily be used by a common carrier in the inspection of its equipment for defects.

And although the mere happening of an accident is not of itself evidence of negligence, the law does not place upon the passenger the burden of demonstrating the exact breach of duty committed by the carrier, such facts often times being solely within the knowledge of the latter. Negligence may be inferred from the surrounding facts and circumstances where they are such as to remove the case from surmise and conjecture and place it within the field of legitimate inferences deduced from the established facts. We think defendant recognized this rule and hence gave notice of its affirmative defense, that is, that it would show that the bus owned and operated by it at the time of this accident was "in excellent mechanical condition, had been regularly and properly inspected, and that the wheel falling off said bus was caused by a latent defect in the axle shaft of the said bus."

In the instant cases there were facts and circumstances presented in addition to the occurrence of the accident which would justify the jury in finding defendant negligent. The testimony established

that at the time the wheel came off the bus and immediately prior thereto there was a large amount of smoke in the bus originating from the rear of the vehicle, together with an unusual, increasingly noticeable odor described by one witness as smelling ''like something burning'' and by another as ''like the heated motor of a car.'' A passenger on the bus who was a witness for the plaintiffs testified as follows:

· ''*Q.* Did you hear any conversation between the driver of the bus and any of the passengers immediately after the accident?

''*A.* Why, yes, only that he was—

''*Mr. Barnard:* Just a minute, the conversation that the driver of the bus had?

''*A.* He was talking to all of us.

''*The Court:* You can state what the driver said.

''*Q.* What did he say?

''*A.* Well, I can't remember just exactly what he said.

''*Q.* Well, not in the exact words. Give us your best recollection?

''*A.* Just that he didn't know that the wheel was burning like that. That it would burn off like that and that he was awfully sorry but he couldn't do anything and he asked us to write our names and addresses down and he gave us a pad and pencil to do so.''

It is not the usual happening that a wheel comes off a bus accompanied by the described circumstances if proper inspection has been made, and in our opinion the evidence presented was sufficient to establish *prima facie* cases and bring them within the scope of the following decisions involving these principles. *Barnowsky* v. *Helson,* 89 Mich. 523 (15 L. R. A. 33); *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333); *Robinson* v. *Railroad Co.,* 135

Mich. 254 (15 Am. Neg. Rep. 341); *Heppenstall Steel Co.* v. *Railway Co.*, 242 Mich. 464; *Durfey* v. *Milligan*, 265 Mich. 97; *Fish* v. *Railway*, 275 Mich. 718.

Both cases are reversed and remanded for a new trial, with costs to plaintiffs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.