### O'HARA v. GENERAL MOTORS CORPORATION.

No. 75.

District Court, E. D. Michigan, N. D.

Oct. 15, 1940.

William W. Griffin, of Detroit, Mich. (Duffy & Duffy, of Bay City, Mich., of counsel), for plaintiff.

Frederick J. Ward, of Detroit, Mich. (Carlos J. Jolly and Bruce G. Booth, both of Detroit, Mich., of counsel), for defendant.

TUTTLE, District Judge.

Plaintiff brings this suit on the theory that plaintiff's decedent was killed through the negligence of defendant in manufacturing a car with a defective steering gear. Plaintiff's decedent was driving a Chevrolet car manufactured by defendant. The car left the road, struck a mail box, broke off the post which held the mail box, continued on, turned over longitudinally, and finally ran into a tree. The car was completely demolished. Plaintiff's decedent and one of his companions were killed. Another companion was injured and was a witness at the trial. Part of the steering mechanism was found by a neighbor in the road near the tree where the car was finally wrecked. Another piece of the steering mechanism was found in the field near the road and several feet from the car and tree. The only evidence other than the accident as above described upon which plaintiff relies was that of the occupant of the car who testified in substance that just before the car left the road plaintiff's decedent said, "Look out, I can't hold her"; and another witness who testified that he was in his home near the road and heard someone say substantially the same thing. There was no proof by any expert or other witness as to how the car was constructed or how it should have been constructed. There was no proof of any defect in the car of any kind. There was no proof as to any inspection or care given the car during the few months the car had been driven. Counsel for plaintiff contended that the proof showing that the car left the road coupled with the proof that plaintiff's decedent said he could not steer the car was sufficient proof to go to the jury on the question of the defendant's negligence in manufacturing a defective car, and that the defect was the cause of the accident. On motion of defendant, I directed a verdict in favor of defendant at the close of plaintiff's case. The case is now before me on motion for a new trial.

Prior to the decision of the Erie case (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, decided April 25, 1938, by the Supreme Court of the United States) I had always charged the jury that contributory negligence was a defense and that the burden of proving that defense was upon the defendant. I had also held that I would not entertain a motion for directed verdict until all of the proofs were in and both parties had rested. Since the decision in the Erie case, I have followed the Michigan Supreme Court and reversed myself on both of these questions in conformity with the Erie case, which held that "a federal court exercising jurisdiction over such a case on the ground of diversity of citizenship, is not free to treat this question as one of so-called 'general law', but must apply the state law as declared by the highest state court." Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (Syllabus). I now entertain a motion by defendant for a directed verdict at the close of plaintiff's case and also, if made, at the close of all the proofs. Both before and since the Erie case, it has always been my understanding that such a motion, whenever properly made and considered, should be denied if on the record as there made it was possible for the jury from the testimony, when considered in a light most favorable to the plaintiff, to draw a legitimate inference which would establish the facts necessary to support a verdict for plaintiff; on the other hand that it was my duty to direct a verdict in favor of defendant if a reasonable mind could not from the testimony draw such legitimate inference from the established facts. In other words, a jury cannot be left to speculate without any legitimate inferences to guide.

The same thought has been expressed by the courts in many ways and in different language. It amounts to saying that if the testimony, viewed in its most favorable light to the plaintiff, furnishes a field from which the jury may draw reasonable inferences establishing the facts necessary to a verdict for plaintiff, then the case should go to the jury. On the other hand, if the field is one so barren that it does not offer the material for such reasonable inferences but only the opportunity to conjecture, then the case must be taken from the jury. There is no presumption that a defendant has been negligent, and unless the testimony is such that a reasonable inference of negligence can be drawn, then a verdict must be directed for the defendant if the motion is made, either at the close of plaintiff's case or at the close of all the proofs. There has been no change in this regard since the Erie case, because, as I understand it, the general law and the law as established by the Supreme Court of the State of Michigan are in accord. After listening to the very able presentation by counsel for plaintiff, I do not think that there is any disagreement between counsel and this court relative to the law. As so often happens, the difficulty comes in applying the law to the particular case at bar. The particular negligence charged is a defective steering gear in the car manufactured by defendant. I agree that if the proofs would support any defect in the car as manufactured by defendant which was the proximate cause of the accident, the court should permit the pleadings to be amended to fit the proofs. Therefore, I have considered the proofs from the broad standpoint of whether they are such that, considered most favorably to the plaintiff, the jury could reasonably draw the inference that the car as manufactured by the defendant was defective in any way. I have never entertained the idea that the law was so unreasonable as to make a plaintiff injured by a defective machine prove the particular part of the machine which was defective, provided the proof was such that a reasonable inference could be drawn that some part was defective. For example, in the case at bar, the plaintiff should recover if the accident happened because the defendant made either a defective steering gear or a defective brake which caused the accident, and even though no one could tell or decide which one of the two parts was defective. I have considered the proofs from this broad standpoint and cannot find any proof from which a reasonable inference could be drawn that any part of the car was defective. Taking the proofs most favorably to plaintiff, all we have is that plaintiff's decedent lost control of his car and ran into a mail box and tree. To my mind, it would be pure guesswork to say on that proof why plaintiff's decedent lost control of the car. What plaintiff's decedent said at the time and all that happened at the time shows no more than that he lost control of the car, with the resultant leaving of the pavement and the striking of the tree. This line of reasoning led me to the conclusion that I had no alternative except to direct a verdict for defendant. The same thoughts compel me to deny the motion for a new trial.

I have read all the cases cited by counsel for plaintiff for the purpose of finding support for his contention that there was some modification of the rule which places the burden of proof of negligence upon the plaintiff. It is my understanding that counsel for plaintiff contends that if plaintiff showed that the automobile was manufactured by the defendant and showed that one of the things which might possibly have caused the accident was a defective car, a verdict could not be directed for defendant at the close of plaintiff's case, but that the trial must go on and the burden of proof shifts to the defendant in such a way that if the defendant did not show his own freedom from negligence—in other words, that the automobile was free from defects—then the case must go to the jury. I know of no such Michigan law, and feel certain that there is no such law to be found. It would still leave the jury to guess. If plaintiff had introduced proof to eliminate all other causes except a defective car, it would then, of course, prevent a directed verdict and defendant would have the privilege of showing the care used by inspection or otherwise. That is quite a different situation than the case at bar, in which other possible causes of the accident have not been eliminated. Plaintiff's decedent had owned and driven the car for three months. There is nothing in the proof to eliminate defective brakes resulting from improper adjustment, flat tires, and many other things for which defendant would not be liable and concerning which defendant was in no better position to offer proof than was plaintiff.

I have, since the oral argument, examined every case cited by counsel for

plaintiff. The list is so complete that I shall here discuss those cases.

Alpern v. Churchill, 53 Mich. 607, 19 N.W. 549, 552. The question involved was this: Was the wire bonnet which covered the refuse-burner constructed, maintained and used in a negligent way by defendant and did the negligence cause the fire to catch in the roof of plaintiff's building and destroy it? Proof showed that on numerous previous occasions sparks had come out of the wire bonnet and started fires; and that the wind on the day in question was just right to set fire to plaintiff's buildings. The condition of the wire bonnet was shown to be the same at the time of the fire in question as at the time when the other fires were seen to start from the sparks. It was shown that when the draft was open sparks would come out, but when the draft was closed sparks would not come out. There was an abundance of circumstantial evidence tending to show that the sparks which came out of the plaintiff's wire bonnet set fire to and burned plaintiff's property; and that the wire bonnet had long been in that condition. A wire bonnet which permits sparks to escape is dangerous and negligent. It, of course, did not matter in this case whether the wire bonnet was off, open, or out of repair. It was shown that defendant knew that it was letting sparks escape. This, of course, was sufficient and strong proof to go to a jury. It has no bearing or application to our case. The Supreme Court held that the proofs for plaintiff were sufficient to take the case to the jury. In my years on the bench, I have denied hundreds of motions for directed verdicts because there was some proof for plaintiff. That is no reason why this motion should be denied, unless we here have the necessary evidence. The court very well said in this case that "negligence, like any other fact, may be inferred from the circumstances, and the case may be such that, though there be no positive proof that defendant has been guilty of any neglect of duty, the inference of negligence would be irresistible." The court was talking about that kind of a case and really announcing the old doctrine which permits circumstantial evidence. The court did not say, and should not say, that negligence may be inferred without proof of negligence either direct or circumstantial.

■ Barnowsky v. Helson, 89 Mich. 523, 50 N.W. 989, 15 L.R.A. 33. Defendant was raising a roof, which fell and killed plaintiff's decedent. The proof tended to show that the roof fell because the defendant had failed to properly brace it. The court held it to be a question for the jury. The proofs, as well as commonsense, showed that the roof fell because of faulty bracing. Neither the proofs or mental reasoning show why the automobile in the case at bar left the road. Many things for which the defendant would not be responsible may have caused it to leave the road. The jury would have nothing to guide it and the courts do not let juries speculate or guess.

Schoepper v. Hancock Chemical Co., 113 Mich. 582, 71 N.W. 1081, 1083. Plaintiff's decedent was killed by an explosion in defendant's nitroglycerine factory. The negligence charged was the use of a rubber hose to convey the compound and leaving it in the hose. The Supreme Court in this case again laid down the rule that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. But if "there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other" then it would be a denial of justice to take the case from the jury. What kind of a case was the court talking about? It was a case in which plaintiff's decedent had nothing to do with the alleged negligence. The defendant that very day for the first time began to use the rubber hose to convey the compound and left the hose filled with the compound. An expert witness testified that it would be unsafe, and would result in an explosion, to leave the compound in a rubber hose for the time it was shown to have so remained prior to the explosion. Some of these facts were disputed by defendant's witnesses, but that makes no difference on the question we are considering as to whether the case is to go to the jury or whether a verdict is to be directed. On this question, the testimony most favorable to the plaintiff is all that need be considered. The Supreme Court here had a case in which the plaintiff should prevail if the jury found plaintiff's testimony was true and drew therefrom the reasonable conclusions which they were entitled to draw. I repeat that in the case at bar, I have no proof from which the reasonable conclusion can be drawn that the automobile manufactured by the defendant was defective.

O'Neill v. James, 138 Mich. 567, 101 N. W. 828, 68 L.R.A. 342, 110 Am.St.Rep. 321, 5 Ann.Cas. 177. Plaintiff was injured by the explosion of a bottle of champagne cider manufactured and bottled by defendant in bottles purchased from a bottle manufacturer. Questions of no importance to us furnish the major part of the opinion. Both the trial judge and the Supreme Court held that plaintiff's proofs were sufficient to take the case to the jury on the question of defendant's negligence. It was shown that the bottle of champagne cider manufactured and sold by the defendant exploded. There was testimony by an expert that champagne cider manufactured in the usual way under ordinary pressure was safe. There was also testimony to the effect that if the champagne cider was placed under pressure beyond certain limits it became dangerous and would explode. The bottle was shown to have exploded. Therefore, if the jury believed both the fact witness and the expert witness, there was a complete showing of negligence on the part of the defendant. There was a reasonable theory which could be based on the evidence leading to the conclusion of negligence without any guesswork.

Pierce v. C. H. Bidwell Thresher Co., 153 Mich. 323, 116 N.W. 1104. Plaintiff was injured by falling through the decking and falling into the cylinder of a threshing machine manufactured by defendant. The proofs showed how the machine was made, that the decking was of soft wood, that part of the end of one of the boards was cut away to allow for the passage of a pipe so that the board was poorly supported at its end by only one inch of its width. The proof went into great detail and tended to show a weak and dangerous decking. The necessity for going upon the decking generally and in the particular case was shown. Both the trial judge and the Supreme Court held that it was a proper case for the jury which returned a verdict for plaintiff. One of the questions urged in and decided by the Supreme Court was the claim of defendant that no expert had testified that a machine constructed as shown by the proofs would be dangerous. Let us assume that in our General Motors case we had the best experts in the world as witnesses, no lawyer or judge could frame a hypothetical question for the purpose of asking whether or not the automobile in question was properly made or was dangerous. The reason it could not be done is because the proofs do not show how it was made or what material it was made from. There is no proof to show either what was wrong or what would be right. I mention this to show how meager and vacant our record is as compared to any case cited or, I believe, ever decided by an appellate court. A case as barren of proof of negligence cannot, I believe, be found unless it be a case decided in favor of the defendant. Counsel for plaintiff have cited cases in which the holding was in favor of plaintiff, and therefore the cited cases all have proofs showing the defect in manufacturing.

Sewell v. Detroit United Railway, 158 Mich. 407, 123 N.W. 2, 3. In this case, plaintiff was injured while a passenger in defendant's car. Plaintiff proved that the street car in which he was riding bumped into the back of another car ahead on the same track. Defendant owned the track and both cars, and the men operating both cars were employed by defendant. If the defendant was negligent with reference to the operation of either car in a way to cause the injury, then defendant was liable. The language used by the court is very appropriate. "The inference that some one had blundered prima facie would be the most natural one to be drawn, and that inference is so clear that it would not require further proof of negligence on the part of defendant." In that case, someone had blundered, and the proof showed that whoever that individual might be the one liable was the defendant. How inappropriate that same language would be if applied to our case. Here the proof goes far enough to show that someone has blundered, but the possibilities of the blunders are not all in the camp of the defendant who manufactured the car. The proof does not identify the one who blundered. It points no more to the manufacturer of the car than to the one who serviced the car or drove the car. Suppose in this street car case the two cars had been owned, manned and operated by two separate and distinct companies and one car had hit the other, causing the accident. The court might truthfully have said that someone had blundered, but would not have said that no further proof was needed to show the negligence of the defendant. To make the comparison more like our own case, let us assume that instead of suing the street car company which operated the car the plaintiff had brought suit against the manufacturer of the car, charging a defective brake. The court might still say that someone had blundered, but would not say that the proof would sustain a verdict

against the manufacturer of the car. This all goes to show how improper it is to apply what a court has to say in one case about the proof necessary to sustain a verdict to some other case having different facts.

■ Burghardt v. Detroit United Railway, 206 Mich. 545, 173 N.W. 360, 361, 5 A. L.R. 1333. Plaintiff was struck and injured by a trolley pole from defendant's car while passing to the rear of the car. It was proved that the trolley pole had become loosened in its socket. The proofs not only showed the accident but also showed why it was and how it was that the trolley pole fell. The proof showed what was wrong with the street car and that the wrong thing caused the accident. Of course, such a case should go to the jury. The Supreme Court reannounced the same old doctrine in this language: "This court has not adopted the rule res ipsa loquitur. We have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that, where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, at least a prima facie case is made." The Supreme Court of Michigan has said this same thing in so many ways and so many times that it would seem unnecessary to read any case except this one as to the general proposition of law. The problem is not to find out what the law is, but to apply it to the case at bar. In every case, the court requires some proof, either direct or circumstantial, to support the claim of negligence. In this Detroit United Railway case, the plaintiff charged negligence on the part of defendant in having a loosely and defectively attached trolley pole which fell and injured the plaintiff. In the case at bar, the plaintiff charges that defendant built an automobile with a defective stearing gear, but fails entirely to prove it. In the trolley pole case, the jury should decide the case under the proofs of negligence. In the case at bar, the court should direct a verdict, because proof of a defective car is entirely lacking. Cases like the trolley pole case are good and sufficient authority for directing a verdict in the case at bar where proof of negligence is entirely lacking. Of course, in a case like the trolley pole case, the motion for a directed verdict should be denied because plaintiff has made out a prima facie case.

The case must go on and the defendant may, if it can, meet the presumption which has been created by plaintiff's proof. If in such a case defendant introduces no proof, the case must go to the jury. 'None of these things apply in a case like the one at bar, in which no proof of negligence has been offered, and therefore no presumption of negligence has arisen. The difficulty which plaintiff may find in getting evidence does not change the rule. The impossibility of getting any evidence of defendant's negligence will always defeat plaintiff in a tort action, because plaintiff always has the burden of proving defendant's negligence.

Fuller v. Magatti, 231 Mich. 213, 203 N. W. 868, 869. Defendant parked his car in front of his restaurant. It ran down the hill, and at a distance of four hundred feet struck and injured plaintiff. The testimony was in conflict as to whether the car was parked with the front wheels turned towards the curb or parallel to the curb, as to whether the car started down the hill three minutes or thirty minutes after it was parked, whether the brake was set or was not set, and as to whether the gear was in reverse or in neutral. A determination of these disputed facts was material and necessary to a determination of the question of negligence. It was clearly a case for the jury. The trial judge refused a motion for a directed verdict and the Supreme Court affirmed the verdict for plaintiff. The Supreme Court again announced the well-known doctrine in this language: "Assuming then, as we should, that the happening of the accident alone was not evidence of negligence, and alone did not take the case to the jury, we approach the record to determine whether it contains testimony directly from witnesses or proven facts from which legitimate inferences may be drawn making the question of defendant's negligence one of fact for the jury and disputing the testimony given by him." Of course if plaintiff had offered no proof of negligence, there would have been nothing for defendant to dispute, and no issue to submit to the jury. The law is so plain that it seems a waste of time to read the law books further. All that the case at bar needs is a study of the record to ascertain "whether it contains testimony directly from witnesses or proven facts from which legitimate inferences may be drawn making the question of defendant's negligence one of fact for the jury." I have canvassed and recanvassed the record and find no such testimony. I wish to emphasize that it

cannot be found in law books. It is useless to further discuss the law that is not in dispute. There is only one meritorious question and that is the presence or absence of such testimony in the record.

 Loveland v. Nelson, 235 Mich. 623, 209 N.W. 835, 836. Plaintiff charged defendant with malpractice by negligently injecting lysol instead of an anesthetic into her gums before extracting a tooth. The proof showed that following the injection of the substance into the gums there was a burning sensation and no numbness or deadening of pain, that the face began to swell immediately, that there was an accumulation of pus and sloughing off of the membrane. Medical experts testified that the condition found in the mouth was not due to germ inoculation but to the action of a chemical substance, that it was improper practice to inject lysol into the gums, and that the condition found in the mouth was caused by the injection of lysol into the gums. There was also proof that the defendant dentist kept the needle which he used suspended in lysol when not in use. The proof also showed that no other fluid had been injected into the gums. The court said in reversing a directed verdict: "This court has not adopted the rule res ipsa loquitur, but this does not prevent a plaintiff making a case by circumstantial evidence." The Supreme Court has said so many times that Michigan does not adopt the rule of res ipsa loquitur that it does seem as if we could believe it and forget the doctrine. I just can't see why it should be thought anything out of the usual that the Michigan Supreme Court should say that negligence can be proved by circumstantial evidence. It is often discussed by plaintiffs as if it were something almost as helpful to a plaintiff as the rule of res ipsa loquitur. The fact is that the rule permitting proof of negligence by circumstantial evidence is not peculiar to Michigan or to tort actions. Anything, even murder, with death as the penalty, can be proved by circumstantial evidence. In the dentist case for malpractice, there was an abundance of circumstantial evidence supporting the negligence.

Pesavento v. E. I. Du Pont De Nemours & Co., 240 Mich. 434, 215 N.W. 330. Plaintiff was injured while using a fuse to explode a charge of dynamite in a mine. The fuse was furnished by the defendant with the representation that it was waterproof and would burn at the rate of two feet to the minute, with a 10 per cent. variation. Plaintiff lighted the fuse and there was a premature explosion from which he was injured. Plaintiff testified that the fuse was defective and told why it was defective; that it did not burn at the usual, proper rate but burned from end to end almost instantly. The Supreme Court said, "The facts are not in dispute. It must be conceded that the fuse was defective and that it was the proximate cause of the plaintiff's injury." The trial court directed verdict for defendant on grounds with which we are not here concerned and the case was affirmed by the Supreme Court. It is difficult to see how a case in which negligence must be conceded can help us find proof of a negligently constructed car in a record which contains no such proof.

Heppenstall Steel Co. v. Wabash R. R. Co., 242 Mich. 464, 219 N.W. 717. Defendant's spur tracks lead from the switch yard into plaintiff's plant. The opening for the cars to enter the plant was protected by a steel curtain. The proof showed that three cars in the night time crashed through the steel curtain, entered plaintiff's building, and demolished a portion of the opposite wall. Plaintiff produced no witness who saw the crash. A woman who lived nearby heard the crash, hurriedly dressed, and went to the scene of the accident. She saw the steel curtain had been smashed, she saw that the cars were in the building and the wall smashed, she saw an engine attached to cars near-by, she saw a man with a lantern who appeared to be a railroad man go to the building and look at the cars in the building. Plaintiff's manager testified as to the damages and the position of the cars when he went to the building the next morning. It was also proved that the switching in that yard and on the tracks was done by the defendant. Again, the court announced the same old doctrine and it is unnecessary to repeat it again. There was in this case plenty of circumstantial evidence to support a verdict for plaintiff. It has no bearing whatever on the record at bar. Our case at bar is entirely different and we have no proof that defendant was negligent in constructing the automobile which struck the tree and killed plaintiff's decedent.

Faustman v. Hewitt, 274 Mich. 458, 264 N.W. 863. This was a collision between two automobiles at an intersection between

two county highways. The trial judge denied a motion by defendant for directed verdict at the close of plaintiff's proof and denied the same motion renewed at the close of all the proofs. The Supreme Court reversed the case without a new trial on the ground that the motions for a directed verdict should have been granted. Nothing said by the court in a case so different from ours, in which the court held the proofs would not support a verdict for plaintiff, can be of any possible help to plaintiff in this case.

Fish v. Grand Trunk Western Railway, 275 Mich. 718, 269 N.W. 568, 569. Plaintiff testified that he stopped five or six feet from a railroad track to permit a train to pass and that as the tender passed him he was struck and injured by something which stuck out from the side of the tender. The trial court directed a verdict for defendant and the Supreme Court reversed the case, announcing the same old doctrine; the court again saying, "If plaintiff is to recover in this action he must prove defendant guilty of negligence and himself free from contributory negligence. The mere occurrence of an accident does not raise a presumption of negligence, and the burden of proof remains with plaintiff and does not shift."

The court also said, "The sole question on rehearing is whether plaintiff made out a prima facie case for the jury as to the negligence of defendant. We have carefully examined the record and conclude that sufficient facts were shown that would present a jury question as to defendant's negligence. While the doctrine of res ipsa loquitur is not in force in this state, we have held that negligence may be inferred from circumstances, and that where the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inferences from established facts, at least a prima facie case is made." It should be noted that the court does not say that negligence may be inferred from any circumstances, but only where the "circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inferences from established facts". The circumstances in the case at bar leave us to conjecture and without any legitimate inferences of a negligently constructed automobile.

Trent v. Pontiac Transportation Co., Inc., 281 Mich. 586, 275 N.W. 501. The plaintiffs were passengers in defendant's bus when a wheel heated and came off, injuring the plaintiffs. This was proved by witnesses. The court held it was sufficient proof to raise a presumption of improper inspection. The manufacturer of the automobile had no duty to follow this car in the suit at bar and inspect it and keep the steering gear, brakes, tires and other equipment in good condition. This case has no bearing on our case, but if it did have it would tend to show that plaintiff's decedent had failed to properly inspect and service his car. Of course, in this bus case, the plaintiff was a passenger for hire in the bus and the duties were so different from the duties in the case at bar that it would be unfair to attempt to apply it to our case.

Macres v. Coco-Cola Bottling Co., Inc., 290 Mich. 567, 287 N.W. 922. The proof showed that defendant sold and delivered the bottle of Coco-Cola to the proprietor of a restaurant who put the bottle in the refrigerator; that an hour later plaintiff, who was a waitress in the restaurant, went to the ice box, and the bottle of Coco-Cola exploded, injuring the plaintiff. Expert witnesses testified as to the manner of preparing and bottling these beverages and how they would explode under too great pressure. The trial court followed the well-known rule, so often announced, in his charge and the Supreme Court affirmed the verdict for plaintiff. There was an abundance of evidence to go to the jury on the negligence of the defendant in placing too great pressure within the bottle.

Other cases in great number can be found in which our Michigan Supreme Court has held that a verdict should have been directed because there was no evidence, either direct or circumstantial, from which the jury could draw a reasonable inference of negligence and that the jury should not be permitted to guess or speculate. None of these cases do more than lay down the general rule and then apply it to the particular case. That is what I have done in the case at bar, and finding no proof in the record from which a jury could draw a reasonable inference that the defendant manufactured this car with defects of any kind, I directed a verdict for defendant, and for that reason I now deny plaintiff's motion for a new trial.