Thomas S. HUNTER, as Administrator of Estate of Hector Charles Hunter, Deceased, et al., Appellants,

v.

CENTER MOTORS, INCORPORATED.

No. 23559.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 18, 1970.

Decided Oct. 16, 1970.

Mr. Clement Theodore Cooper, Washington, D. C., for appellants.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Harold Himmelman, Washington, D. C., was on the brief, for appellee.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

When this case was before us earlier upon appellants' appeal from a grant of summary judgment, we reversed because the record disclosed a material issue of fact with respect to whether the accident was caused by a mechanical failure of the car purchased from appellee. Hunter, et al. v. Center Motors, Inc., 130 U.S.App. D.C. 315, 400 F.2d 786 (1968). It was also argued to us at that time by appellee that, even if mechanical failure be assumed to be the cause of the accident, it was plain from the record as it then existed that appellants could not, as a matter of law, ultimately prevail. Although we professed no certainty at that time as to the precise scope of appellee's possible liability, we characterized it as "obviously not completely open-ended." Neither could we say of appellants, however, that "there is nothing they can prove which would get them to the jury on the issue of liability." We thought the best resolution of these uncertainties in the then meagre state of the record was to provide appellants with an opportunity to make proof at trial.

The trial has now been held. It ended in a directed verdict at the close of appellants' case. That case consisted only of (1) the introduction of two depositions taken by appellee which were before the court on the earlier appeal, and (2) the testimony of two witnesses as to what the records of the D.C. Department of Motor Vehicles showed with respect to the defects which caused the car to fail to pass inspection the first time it

was presented shortly after its sale by appellee to one of the persons killed in the accident. The trial record is devoid of any evidence, as to the condition of the car or anything else, from April 8, 1964—the date when the car, repaired by appellee, passed the D.C. Inspection— until the crash occurred on March 22, 1965.

For purposes of this appeal from the direction of a verdict in its favor, appellee concedes that it must be assumed that mechanical failure was the cause of the accident. It insists, however, that appellants have failed at trial to adduce evidence entitling them to get to the jury upon either of the two theories of liability stated in the complaint, that is to say, negligence and breach of an implied warranty of fitness. In support of this position it points to the fact that this car, although over six years old at the time of sale, was sold by appellee under what was in substance an express warranty that it either was, or would be made, capable of passing the safety requirements of the D.C. Inspection Law; and that this warranty was made good by appellee when the car, after work done at appellee's expense, did pass the inspection eleven and one-half months before the accident occurred.[1] With no evidence whatsoever in the record relating to this interval of time, which added

another year to the life of an already old car, we must agree that there was no basis for submitting to the jury the question of whether any negligence of which appellee may have been guilty on the day of sale was the operative cause of the accident. Automobiles, new and used alike, have been uniformly recognized as vulnerable to mechanical failure from normal wear and tear, as well as misuse or lack of proper maintenance on the part of their owners. *See, e. g.,* O'Hara v. General Motors Corp., 35 F.Supp. 319 (E.D.Mich.1940).

The court recognizes that products liability law has been evolving at an extraordinary pace in recent years, and that used cars not rigorously inspected may be potentially deadly instrumentalities. Thus it should be made explicit what we do not have occasion to decide in this case. We do not decide the type or extent of liability and duty of care which should properly be applied to used car dealers. Nor do we decide what quantum of evidence as to the existence of defects at time of sale or as to dealer safety precautions will suffice to submit such a case to the jury. Rather, we decide only that, there being *no* evidence relating to the period between sale and injury, appellants' showing was insufficient here.

Affirmed.

---

1. Although the car is sometimes described as having been sold "as is," it is clear that the undertaking by appellee with respect to the D.C. Inspection was in effect an express warranty that the car would be fit for legal operation under the D.C. laws regulating mechanical safety. Under these circumstances, we have no occasion to pursue the significance of that provision of the D.C.Code which purports to exclude implied warranties in so-called "as is" sales. *See* 28 D.C.Code § 2–316 (1967 ed.).